IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAMON A. WRIGHT #1164228 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv164 |
| SMITH COUNTY, TEXAS, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Damon Wright, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wright sues Smith County, Texas, and an attorney named Thomas McClain.  He says that he received six month' probation for "something he didn't do," which was "accidentally bumping into a guy at a club while exiting."  He says that this probation was enhanced to 10 years without his having any prior history of assaults, and without the alleged victim suffering any injuries.

Wright says that McClain was his attorney and never showed that he, Wright, was innocent, or that the victim had no injuries.  He says that McClain stopped communicating with him, with the result that he was wrongfully imprisoned.  He adds that he is suing Smith County for putting him in jail for a crime which he did not commit.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge stated first that for liability to exist under the Civil Rights Act, there had to be action under color of state law, and that McClain, in his capacity

as Wright's attorney, did not act under color of state law. The Magistrate Judge also said that to sue Smith County, he had to show that he was deprived of a constitutional or federal right through execution of the county's policy or custom, which he did not do. Furthermore, the Magistrate Judge said, in order to recover damages for allegedly unlawful conviction or imprisonment, a plaintiff must show that the conviction or sentence complained of has been reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question through the issuance of a writ of habeas corpus under 28 U.S.C. §2254. *See* Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Wright did not do so, the Magistrate Judge said, and so cannot seek monetary damages based on the alleged illegality of this conviction. The Magistrate Judge therefore recommended that the lawsuit be dismissed, but specified that this dismissal should be without prejudice to Wright's ability to challenge his conviction through any lawful means, nor to seek damages for this conviction once the pre-conditions of Heck were met.

Wright filed objections to the Magistrate Judge's Report on May 4, 2007. In these objections, he says that McClain had "direct contact" with Judge Diane DeVasto, but neglected to preform his duties as an attorney. He says that McClain "showed prejudice" against him by not doing his job as an attorney. Wright argues that McClain "worked mostly for the Smith County system" and not for him.

Next, Wright says that the Smith County courts showed prejudice and injustice in their hearing and proceeding by not rendering a verdict on assault due to his past history and criminal records. The court also refused his appeal after he was sent to prison. As a result, he says, he has suffered "mental and physical abuse of his body and mind" from being in prison. He asks that his case not be dismissed, but that he be allowed to proceed.

As the Magistrate Judge said, McClain is not a state actor, and therefore is not amenable to suit under Section 1983. This is true even if McClain was appointed by the court to represent him. Ellison v. De La Rosa, 685 F.2d 959, 961 (5th Cir. 1982). His allegation that

McClain "worked mostly for Smith County" is not sufficient to show that McClain was a state actor for purposes of Section 1983 liability.

Wright also complains that the Smith County court in which he was tried rendered a verdict which was improper and then failed to let him appeal. This is not sufficient to show county liability because, as the Magistrate Judge said, Wright has not shown a deprivation of a constitutional right due to a policy or custom on the part of the county itself, or its policymakers. In addition, Wright has not shown that the allegedly improper conviction or sentence has been set aside, expunged, or called into question; although he says that he was not permitted to appeal, there remain open to him avenues of collateral challenge, including state and federal habeas corpus actions. Until Wright can show that the allegedly unlawful conviction or sentence has been set aside, he cannot seek monetary damages for matters regarding the validity of that conviction or sentence. Wright's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous until such time as the Heck pre-conditions are met. 28 U.S.C. §1915A(b)(1). The dismissal of this lawsuit shall have no effect upon the Plaintiff's right to challenge his conviction and sentence by any lawful means, including but not limited to a habeas corpus action in state or federal court, nor upon his right to refile this lawsuit against proper party defendants at such time as he can show that the conviction complained of has been reversed, expunged, or otherwise set aside or called into question as set out in Heck. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 31st day of May, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**